UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA PANZICA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s)<br><br>- against -<br><br>PETTIT PLACE REALTY L.L.C. and OCEAN-CLEAR INC.<br><br>Defendants | 24 Civ. 1766<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff, LISA PANZICA, by and through her counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants:

## NATURE OF THE CASE

1. For decades, well-established law has mandated the removal of architectural barriers in public accommodations. Yet, the Defendant has made a shocking decision to prioritize profits over accessibility. Rather than complying with the law and ensuring access to and use of their self-service gas station, the Defendant has implemented a discriminatory policy that actively excludes disabled individuals, particularly those who rely on wheelchairs and scooters. This blatant disregard for the rights of disabled persons is unacceptable and in violation of the Americans with Disabilities Act.

2. Plaintiff files this action on behalf of herself and for those similarly situated, complaining of Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Human Rights Law § 296, New York State Civil Rights Law, and Nassau County Administrative Code § 21-9.8 *et seq*.

1

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

6. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district

## PARTIES

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Nassau County, New York.

9. Defendant Pettit Place Realty L.L.C. is a domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

10. Defendant Ocean-Clear Inc. is a domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

11. Defendant Ocean-Clear Inc. conducts business under the assumed name Jordan Lobster

Farm.

12. Defendants operate and lease a place of public accommodation named Jordan Lobster Farm located at 1 Pettit Pl, Island Park, NY.

## CLASS ACTION

13. Plaintiff brings this suit for declaratory and injunctive relief and, pursuant to F.R.C.P. 23, as a class action for all those similarly situated, who, as persons who are disabled, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of, the ADA, state and local laws.

14. Plaintiff, complaining for herself and all other residents in the State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

15. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability.

16. The ADA, New York State Human Rights Laws, and Nassau County Administrative Code recognize individuals with disabilities as a protected class.

3

17. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

18. The ADA and New York State Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

19. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as "2010 Standards").

20. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as "1991 Standards").

21. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to the public accommodation, it must implement accessibility alterations to the maximum extent feasible so that the path of travel to the altered area and the bathrooms, serving the altered area are readily accessible to and usable by individuals with disabilities, including the path of travel from the sidewalk to the entrance.

22. Public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

23. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA and New York State Human Rights Law.

24. The ADA requires a public accommodation to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

25. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

26. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

27. Discriminatory intent is not required to establish liability under the ADA, New York State Human Rights Laws, and Nassau County Administrative Code.

## FACTUAL BACKGROUND

28. Plaintiff Lisa Panzica has a neurological disability, and as a result must use a wheelchair for mobility because she is unable to walk.

29. Defendant Pettit Place Realty L.L.C. owns or leases the commercial property which houses the public accommodation named 1 Pettit Pl, Island Park, NY (hereinafter "public accommodation").

30. Defendants Pettit Place Realty L.L.C. and Ocean-Clear Inc. own or operate a public accommodation named Jordan Lobster Farms, a seafood restaurant, located at 1 Pettit Pl, Island Park, NY.

31. Since 1992, the collective Defendants' public accommodation has undergone alterations to the areas which affect, or could affect, access to, or the usability of, its place of

5

public accommodation.

32.     Upon information and belief, Defendants have made construction and accessibility alterations to the commercial space which houses its public accommodation on or after March 15, 2012.

33.     In the summer of 2023, Plaintiff visited the public accommodation and had tremendous difficulty entering and exiting Defendants' public accommodation because of architectural barriers and Defendants' unlawful policies and procedures, as explained in further detail below.

34.     Plaintiff also had difficulty parking her modified vehicle because the parking area is not part of an accessible route between the lot itself and the building housing the restaurant. In addition, Defendants do not provide any designated accessible parking spaces, and the surface of the entire parking area was uneven. Lastly, the sidewalk and curb ramps leading to and from the parking area have unlawful architectural barriers- *i.e.*, excessive running and cross slopes.

35.     The main entrance to the public accommodation is inaccessible to Plaintiff, and all others similarly situated, because it requires patrons to ascend a staircase, which Plaintiff obviously cannot in her wheelchair. Likewise, the rear entrance poses exactly the same obstacle, however, Defendants provide a wheelchair lift here, which can be used to access the rear entrance.

36.     Despite this, the front of Defendants' public accommodation does not have any signage indicating the existence of the lift at the rear entrance, or directing disabled patrons to use the lift at the rear entrance.

37.     Nonetheless, upon searching and learning about the aforementioned lift, Plaintiff encountered numerous difficulties attempting to use it.

38. Namely, the lift is not located on an accessible route linking the parking lot and the abutting public sidewalk to the building entrances. Instead, wheelchair-bound patrons must navigate an inaccessible walkway that runs between two exterior bars and their accompanying seating for other restaurant patrons.

39. Defendants have a policy and practice to serve food and drinks to patrons at the exterior bars. Patrons wishing to utilize the outdoor bars are provided with barstools for seating.

40. These policies and practices have the practical effect of blocking, or otherwise impeding, the route leading to the wheelchair lift, as shown in photo below.



41. When Ms. Panzica attempted to dine at Defendants' public accommodation, she was unable to traverse the path connecting the walkway and the wheelchair lift at the rear entrance because it was too narrow, and did not provide at least 36 inches of clearance as required by law.

42. Patrons, both standing and seated at the exterior bars, were required to clear a path so that Plaintiff could move her wheelchair through. Understandably, Plaintiff felt incredibly embarrassed in having to inconvenience other patrons in this manner.

43. Further, upon reaching the wheelchair lift, Plaintiff discovered there was insufficient maneuvering clearance to allow access to the handle to open the door to the lift because of an architectural barrier.

44. Upon taking the lift up to the level of the rear entrance, Plaintiff found herself unable to exit into the dining area because Defendants have a policy and practice of placing a dining table and seats against the lift door. Seated at the table was an entire family who Plaintiff was required to stop eating, get up, and then move their table and chairs out of the way so she could exit the lift. Needless to say, this only compounded the embarrassment Plaintiff experienced beginning at the outdoor bars.




8

45. After Plaintiff finished her meal and wished to leave, she again had to ask another family, who Defendants have seated at the table in front of the lift, to stop whatever they happened to be doing, get up and move their table and chairs to allow Plaintiff to access the lift.

46. Likewise, upon taking the lift down, Plaintiff again had to ask the patrons standing and seated at the outdoor bars to allow her room to traverse her wheelchair in the inaccessible walkway leading towards the exit of the restaurant.

47. Features of Defendants' public accommodation which are inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. An accessible entrance is not provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the 2010 Standards § 206.2.1.

    b. An accessible route is not provided from the public streets and sidewalks to the wheelchair lift which leads to Defendants' rear entrance in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

    c. Defendants do not provide an accessible route to all dining tables.

    d. There does not exist an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

    e. An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

    f. Upon information and belief, the force for pushing or pulling open the bathroom doors is 5 pounds maximum. in violation of the 2010 Standards § 404.2.9.

    g. The walkway to enter each of Defendants' public accommodation have unlawful changes in level in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 303.2.

    h. The walkway to access Defendants' parking area have unlawful changes in level in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 303.2.

      i.      The floor and ground surfaces where the accessible parking spaces and access aisles should exist do not comply with the 2010 Standards § 502.4.

      j.      There is insufficient maneuvering clearance perpendicular to its entrance in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.

      k.      The handle of the wheelchair lift door lacks sufficient maneuvering clearance to enter metric in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

      l.      There does not exist a minimum number of accessible parking in violation of the 2010 Standards § 208.

      m.      Defendants parking spaces are in violation of the 2010 Standards § 502.

      n.      There does not exist van accessible parking in violation of the 2010 Standards § 502.2.

      o.      None of the parking spaces have accessible aisles, which is a violation of the 2010 Standards § 502.3

      p.      Defendants do not provide signage in violation of the 2010 Standards § 216.4 (which provide directions to accessible means of egress) and 502.6.

      q.      Defendants do not provide signage to locate the location of accessible entrance in violation of the 2010 Standards § 216.6 (were all the entrances do not comply with 404, entrances compliant with 404 shall be identified).

      r.      Upon information and belief, Defendants bathrooms are inaccessible in violation of the 1991 Standards; 2010 Standards.

      s.      The door hardware of Defendants' bathrooms is inaccessible in violation of 1991 Standards § 4.13.9; 2010 Standards § 309. The door hardware cannot be operated with one hand and requires tight grasping, pinching, and twisting of the wrist.

48.    Plaintiff resides in the same county as Defendant's public accommodation and is frequently near Defendant's public accommodation.

49.    The removal of existing architectural barriers is readily achievable.

50.    To date, Defendants have failed to remove the architectural barriers.

51. Plaintiff is deterred from visiting Defendants' noncompliant accommodation because of the existing accessibility barriers.

52. Plaintiff has the intention to return to Defendants' public accommodation once it becomes readily accessible to and usable.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**

53. Plaintiff is a qualified individual with a disability as that term is defined by the ADA.

54. Defendants' public accommodation 1 Pettit Pl, Island Park, NY, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, and New York State Human Rights Law § 292(9).

55. Defendant Pettit Place Realty L.L.C. owns a place that houses a public accommodation named 1 Pettit Pl, Island Park, NY.

56. Defendant Ocean-Clear Inc. d/b/a Jordan Lobster Farm owns and leases a public accommodation named Jordan Lobster Farm 1 Pettit Pl, Island Park, NY.

57. Defendants have failed to make adequate accommodations and modifications to its public accommodation named Jordan Lobster Farm looking at 1 Pettit Pl, Island Park, NY.

58. Defendants have failed to remove all architectural barriers and communication barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

59. There exist readily achievable modifications which would make Defendants' public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

60. Defendants failed to make the necessary readily achievable modifications to its public accommodation.

61. Upon information and belief, since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

62. Defendants failed to alter its public accommodation to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

63. It is not impossible for Defendants to remove the architectural barriers which exist at its public accommodation.

64. Defendants failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

65. It is not structurally impracticable for Defendants' public accommodation to be accessible.

66. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

67. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

68. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

12

69. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

70. Defendants have provided Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

71. Defendants have not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

72. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

73. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

74. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code §

13

12182(b)(2)(A)(ii).

75. Defendants should have achieved accessibility by January 26, 1992.

76. The barriers to access Defendants' public accommodation continue to exist.

77. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

78. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
**(Violations of New York State Human Rights Law)**
(Injunctive Relief and Damages on Behalf of Plaintiff)

79. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

80. Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

81. Defendant Pettit Place Realty L.L.C. owns, operates, or leases a public accommodation within the meaning of New York State Human Rights Law § 292(9).

82. Defendant Ocean-Clear Inc. owns, operates, or leases a public accommodation within the meaning of New York State Human Rights Law § 292(9).

83. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

84. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

14

85. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

86. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

87. Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

88. Defendants discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

89. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer physical and emotional distress and pain -- including but not limited to the migraine headaches and attendant bodily injury, vomiting, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, loss of dignity, physical and emotional pain, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiff)

90. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

91. On the basis of Plaintiff's disability, Defendants have violated her civil rights.

92. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights

Law § 40-c and 40-d, in the amount of $500 for each and every violation.

93. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

94. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Violations of Nassau County Administrative Code)
(Statutory Damages on Behalf of Plaintiff)

95. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

96. Plaintiff is an individual with a disability as that term is defined by Nassau County Administrative Code.

97. Defendants demonstrate that their accommodation, advantages, facilities and privileges shall be refused, withheld from or denied to Plaintiff and all others similarly situated on account of actual or perceived disability.

98. On the basis of Plaintiff's disability, Defendants demonstrate that the patronage of Plaintiff is unwelcome, objectionable, or not acceptable, desired or solicit.

99. On the basis of Plaintiff's disability, Defendants have directly or indirectly, refused, withheld from or denied Plaintiff with similar accommodations, advantages, facilities or privileges as offered to individuals who are not disabled.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

100. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

101. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## INJUNCTIVE RELIEF

102. Plaintiff and others similarly situated will continue to experience unlawful discrimination as a result of Defendants' failure to comply with New York State Human Rights Laws and Title III of the ADA, and Nassau County Administrative Code. Therefore, injunctive relief is necessary to order Defendants to alter and modify their facility, policies, practices, and procedures.

103. Issue a permanent injunction enjoining Defendants from disability discrimination.

104. Issue a permanent injunction ordering Defendants to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

105. Issue a permanent injunction requiring Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court entered a judgment in her favor containing the following relief:

A. Certify this case as a class action;

B. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, Nassau

17

County Administrative Code, and its implementing regulations and declaring the rights of plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

C.      Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, Nassau County Administrative Code, and Title III of the ADA.

D.      Award Plaintiff the mandatory, minimum statutory damages of $5000 from each Defendant for their violations of Nassau County Administrative Code § 21-9.8.

E.      Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

F.      Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

G.      The Court retain jurisdiction over the Defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

H.      Award Plaintiff compensatory damages in the amount of $10,000 from each Defendant for their violation of New York State Human Rights Laws.

18

I.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

J.      For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: March 1, 2024

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X _____/s/ J-B_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel:  (646) 290-8258
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com

19