UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————-X          Case #: 24-cv-1766 (NJC)(ST)
LISA PANZICA, Individually and on Behalf of
All Others Similarly Situated,

                                              **ANSWER**

                             Plaintiff(s)

   - against -

PETTIT PLACE REALTY L.L.C. and OCEAN-          **JURY TRIAL DEMANDED**
CLEAR INC.,

                           Defendants.
———————————————————————-X

     Defendants, PETTIT PLACE REALTY L.L.C. and OCEAN-CLEAR INC., by and through their counsel, Thomas R. Sofield, Esq., from Thomas R. Sofield, PC, hereby answer the Complaint in this action, dated March 1, 2024 and filed March 10, 2024, as follows:

     1.     Deny the allegations contained in paragraph 1 of the complaint.

     2.     The allegations continued in paragraph 2 of the complaint set forth the nature of plaintiff's claim and legal conclusions requiring no substantive response; however, to the extent any response is required, deny the allegations contained in paragraph 2 of the complaint and respectfully leave all conclusions of law to this Honorable Court.

     3.     The allegations continued in paragraph 3 of the complaint set forth the nature of plaintiff's claim and require no substantive response; however, to the extent any responses required, deny or deny knowledge and information sufficient to to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and respectfully leave all conclusions of law to this Honorable Court.

4. The allegations contained in paragraphs 4, 5, 6, 7, 81, and 82 of the complaint set forth legal conclusions requiring no substantive response; however, to the extent any responses are required, deny the allegations contained in those paragraphs and respectfully leave all conclusions of law to this Honorable Court, except admit that this Court is the proper venue and has jurisdiction over the subject matter and all parties to this action.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 50, 51, 52, 53, 80 and 96.

6. Deny the allegations set forth in paragraph 9, 10, and 11, except admit that defendants are New York corporations authorized to do business in the State of New York, and that Jordan Lobster Farm is an assumed name.

7. Deny the allegations contained in paragraphs 12, 29, 30, 55, and 56, except admit that Jordan Lobster Farm occupies certain real property located 1 Pettit Place, Island Park, NY.

8. The allegations continued in paragraphs 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 set forth the nature of plaintiff's claim, allegations of applicable law and legal conclusions requiring no substantive response; however, to the extent any response is required, deny the allegations contained in those paragraphs of the complaint and respectfully leave all conclusions of law to this Honorable Court.

9. Deny the allegations contained in paragraph 15 and respectfully refer the Court to the "census" referenced in paragraph 15 for the true content and meaning thereof.

10. Deny the allegations contained in paragraphs 47, 49, 54 through 78, 83 through 89, 91 through 94, 97, 98, 99 and 101 through 105 and leave all conclusions of law to this Honorable Court.

11. With respect to the allegations contained in paragraphs 79, 90, 95 and 100 defendants hereby repeat and re-allege all responses as if set forth at length.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

13. Plaintiff lacks standing because Plaintiff was not deterred from visiting the premises, nor can Plaintiff establish intent to visit the premises in the future.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

14. The Plaintiff's claims are barred by the statute of limitations because Plaintiff did not visit, nor was not deterred from visiting within the two years before the Complaint was filed.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

15. The facility has not been altered to affect the usability of the facility since it opened, and removal of the alleged barriers is not readily achievable.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

16. Defendants provided adequate access to the business to persons with disabilities by using methods such as customer service.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff's requested modifications to the business would pose an undue burden on Defendants.

**AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's requested modifications would fundamentally alter the services and facilities.

**AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

19. The premises comply with the requirements of the Americans with disabilities act, as well as all applicable state and city laws.

**AS AND FOR DEFENDANTS' NINETH AFFIRMATIVE DEFENSE**

20. Defendant did not breach any duty owed to the plaintiff, and had no actual or constructive notice that the premises were not accessible to the disabled.

**AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

21. The modifications alleged in the complaint are not readily achievable no architectural barriers exist of the premises which prevent or restrict access to the plaintiff.

**AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

22. The premises has provided reasonable accommodations that comply with the requirement's of the Americans with disabilities act, as well as all applicable state and city laws.

**AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

23. The barriers to access at the premises set forth by plaintiff in the complaint lack merit and have no basis in fact or law.

**AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE**

24. The complaint fails to meet the criteria and standards for a class action or classification under applicable law, including the federal rules of civil procedure.

**AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE**

25. The plaintiff failed to give defendant and/or other parties the predicate notice required by applicable law to commence and maintain this action.

**AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE**

26. The alterations in and to the premises are not physically possible, or impracticable and are structurally impractical ball.

**AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE**

27. The alterations proposed by the plaintiff or not readily achievable, cannot be accomplished and our unduly burdensome.

**AS AND FOR DEFENDANTS'S SEVENTEENTH AFFIRMATIVE DEFENSE**

28. The alterations proposed by plaintiff are not reasonable and are not economically feasible.

**AS AND FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE**

29. Some or all of the alterations proposed by plaintiff are not permitted by applicable law.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

WHEREFORE, defendants pray for an order of this court dismissing this action in its entirety and granting defendants judgment on their affirmative defenses against the plaintiff and for such other and further relief as to this Court seems just and proper.

Dated: Long Beach, NY
June 1, 2024

Respectfully submitted,

Thomas R. Sofield, P.C.
<u>Attorneys for Defendants</u>
By:

_____
Thomas R. Sofield (TS-2743)
64 West Park Avenue
Long Beach, New York 11561
Phone (516)639-1924
Fax (516) 889-9105
Tsofield@optonline.net